UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TIMOTHY N. TANNER,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

No. CV-07-0129-CI

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 10, 17.) Attorney James Solan represents Plaintiff; Special Assistant United States Attorney David Blume represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and remands the matter to the Commissioner for an immediate award of benefits.

**JURISDICTION**

On September 29, 2004, Plaintiff Timothy Tanner (Plaintiff) protectively filed for disability insurance benefits. (Tr. 58, 59.) Upon initial application, Plaintiff alleged disability due to fatigue caused by hepatitis C treatment, with an onset date of April 15, 2004. (Tr. 61.) He later added a low back injury and hernia as bases for

disability. (Tr. 85, 109.) Benefits were denied initially and on reconsideration. (Tr. 39, 43.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard Say on October 23, 2006. (Tr. 354-389.) Plaintiff, who was present and represented by counsel, Plaintiff’s spouse and vocational expert Thomas Moreland testified. The ALJ denied benefits and the Appeals Council denied review. (Tr. 6-8.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 53 years old and had a high-school education. (Tr. 357.) He was married and lived with his spouse and two daughters. (Tr. 358.) Plaintiff had past work experience as a taxi driver, dispatcher, construction worker, delivery driver, leather worker and auto mechanic. (Tr. 62, 93, 379-82.) Plaintiff testified he was diagnosed with hepatitis C in April 2004, and went through treatment until March 2005. (Tr. 359.) He stated his claimed disability was due mostly to fatigue caused by the hepatitis C. He testified he needed naps, some of which lasted all day, and was unable to sustain activities for a whole day. The fatigue also clouded his mind. (Tr. 361-62, 366.) He stated that if he overextended himself, he would feel sick and fatigued for two or three days after. (*Id.*) Attempts to do recreational activities caused him extreme fatigue. (Tr. 374.) He tried to do some leather repair work when he was feeling well, and some auto work in his garage; he also performed some household chores. (Tr. 362, 364.) He testified someone would have to drive him to jobs that were out of town because his mind would not

function when fatigued. (Tr. 368.) He stated he could not work five days a week and probably would miss five to ten days per month due to fatigue. (Tr. 372.) Plaintiff's spouse testified when she was at home, Plaintiff was usually taking a nap. She stated he did not do housework routinely, only occasionally when he helped her with the dishes and make the bed. She testified his fatigue began before he was diagnosed with hepatitis C. (Tr. 376-77.)

**ADMINISTRATIVE DECISION**

ALJ Say found Plaintiff met the insured status requirements for DIB through June 30, 2007. (Tr. 16.) At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (*Id*.) At steps two and three, he found Plaintiff had the severe impairment of a "history of hepatitis C treated October 2004 to March 2005, status post fracture of L2, L3, and degenerative joint disease of the right knee, status post arthroscopy," (*Id*.) but these impairments did not meet or equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 19.). The ALJ found Plaintiff's complaints regarding limitations caused by his impairment (primarily fatigue) were not totally credible. (Tr. 20.) At step four, he determined Plaintiff had the residual functional capacity (RFC) "for a wide range of light work," and as a result he could not perform past work in the medium and heavy ranges. (Tr. 21.) He concluded that with this RFC, Plaintiff could perform his past relevant work as a taxi driver and as a dispatcher and, thus, was not under a disability as defined in the Social Security Act at any time through the date of his decision. (*Id*.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A).

> Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues he is entitled to an immediate award of benefits because his treating physician issued an uncontradicted post-hearing medical opinion that, based on objective medical testing, Plaintiff meets Section 5.05 of the Listings. (Ct. Rec. 11 at 6.) Plaintiff also challenges the

ALJ's credibility findings as unsupported by substantial evidence. (Ct. Rec. 19 at 5-6.)

**DISCUSSION**

**A. Credibility**

An ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Morgan*, 169 F.3d at 599. When the ALJ finds the claimant's testimony as to the severity of impairments and symptoms is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). The following factors may be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of [disabling symptoms]." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (citation omitted). Furthermore, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

In his decision, the ALJ found:

> Having considered the claimant's assertion of disability, the undersigned finds that his subjective complaints regarding the extent of his functional limitations are not fully credible. His primary complaint is fatigue. However, the record does not support such severe degree of fatigue that he is unable to work in any capacity. Indeed, he has worked repairing leather and doing automobile mechanical work during his alleged period of disability, both of which are considered medium level work. Additionally, he reported golfing and skiing which required considerable exertion. None of claimant's treating physicians have reported that he is so significantly limited that he is unable to work.

(Tr. 20.) Plaintiff correctly argues the ALJ did not provide legally sufficient reasons for rejecting his testimony. (Ct. Rec. 19 at 4-7.)

Plaintiff was diagnosed with hepatitis C in April 2004, after experiencing fatigue that prevented him from working on a sustained basis. (Tr. 61, 133, 137, 359.) In August 2004, he consulted with James Goff, M.D., regarding treatment for the disease which was causing increasing fatigue. (Tr. 133-34.) At that time, he reported being unable to work a full day and unable to know if he could work every day due to fatigue. (Tr. 61.) Dr. Goff recommended interferon treatment, which began in October 2004. In December 2004, Plaintiff stated in a disability report that he was working at home only four to five hours a week due to hepatitis-related fatigue. (Tr. 90.) Fatigue was consistently the main symptom reported in clinic records, although it improved somewhat off treatment. (Tr. 139, 234, 236, 238, 257, 260, 270, 300.) During his treatment, Plaintiff fell on icy steps and broke his back in two places. Later he injured his knee while skiing. Both injuries required surgery and rehabilitation. (Tr. 227, 229, 239, 245.)

Plaintiff's initial treatment with interferon ended in March 2005, but his symptoms returned in July 2005. Laboratory tests

revealed an increased viral load and relapse of hepatitis C. (Tr. 238.) In July 2005, Dr. Goff offered a second, longer treatment regime (48 weeks) with interferon, which he predicted would result in increased side effects, including fatigue, and a lesser probability of success. (Tr. 234-36.) Plaintiff declined to go through additional treatment because of the side effects. He continued to complain of the fatigue through September 2006. (Tr. 238, 261, 270, 328.) At the hearing, Plaintiff testified he felt he was more susceptible to injury because of the hepatitis C. He stated the effects of the fatigue were difficult to describe; the fatigue would come on suddenly, “hitting him hard,” and his mind became clouded when he was fatigued, making it difficult for him to think straight or make good judgment calls. (Tr. 362, 365-66.) He testified that when the fatigue comes on, he has to take a nap for three hours, that he has good days and bad days, and if he overextends himself, he will be “down for two, three days I’m sick not feeling well, fatigued.” (Tr. 362.)

He reported attempts to carry on with his leather repair work, taking small jobs in his house, and having his daughter drive to out of town jobs, where the actual repair work took about one half hour to an hour and a half. (Tr. 362, 367.) Plaintiff also reported two attempts to play golf and a ski trip during the alleged disability period, and testified that both attempts left him exhausted, and in the case of skiing, injured. (Tr. 365, 374.) He also reported he tried to do household chores, which his wife testified he was not really able to do. (Tr. 364.) She also testified he was suffering from fatigue before the actual diagnosis. (Tr. 376-77.) The ALJ found Mrs. Tanner’s testimony consistent with that of Plaintiff’s and did not reject her testimony. (Tr. 20.)

Plaintiff has presented objective medical evidence of hepatitis C, a severe impairment. Disability examiner Cheri Glore reported Plaintiff's symptoms were credible and consistent with hepatitis C, prior and during treatment. (Tr. 157.) As discussed above, medical records from Dr. Goff and the Deer Park Medical Clinic confirm the diagnosis and symptoms. There being no evidence of malingering, Plaintiff's testimony can be rejected only for "clear and convincing" reasons. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Plaintiff's unsuccessful attempts to lead a normal life, do light household tasks and attempt to support his family with his part-time leather work and work in his garage are not inconsistent with his complaints that the hepatitis related fatigue prevented him from sustaining work activities beyond four to six hours a week. *See Lingenfelter*, 504 F.3d at 1038 (failed attempt to work not "clear and convincing" reason to impugn credibility); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (claimant does not have to be "utterly incapacitated to be eligible for benefits"). Further, the court has warned that a claimant "should not be penalized for attempting to maintain some sense of normalcy in [his] life." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). On the contrary, Plaintiff's attempts to carry on in spite of the fatigue, along with his solid work record, (Tr. 118), his candid testimony regarding his frustrated attempts to play golf and ski, his willingness to engage in rehabilitative therapy (Tr. 229), his unwillingness to represent that he can give full forty hours of work to an employer (Tr. 372), and his spouse's consistent testimony, support his claim that he is unable to

perform work on a sustained basis. *Fair*, 885 F.2d at 603.

As to the other factors considered in a credibility assessment, there is no indication that Plaintiff failed to seek medical treatment for his condition, and his unwillingness to proceed through a second trial of interferon treatment because of the adverse side effects, and limited expectation of success, was reasonable. *See Fair*, 885 F.2d at 603*; SSR 96-7* (where a good reason for claimant's failure to pursue medical treatment exists and is explained, failure to seek such treatment cannot support an adverse credibility finding). Finally, none of Plaintiff's medical providers noted concerns about his credibility. The ALJ's failure to articulate "clear and convincing" reasons for rejecting Plaintiff's subjective complaints regarding the severity of his fatigue is reversible error. *Orn v. Astrue,* 495 F.3d 625, 640 (9th Cir. 2007).

**B. Remedy**

The Ninth Circuit recently held. "When an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, we remand for calculation of benefits." *Orn*, 495 F.3d at 639; *see also McCartey v. Massanari*, 298 F.3d 1072, 1077 (9th Cir. 2002); *Smolen*, 80 F.3d at 1292 (court has the discretion to remand for award of benefits)*; Lester*, 81 F.3d at 834; *Swenson v. Sullivan,* 876 F.2d 683, 689 (9th Cir. 1989) (crediting claimant testimony and awarding benefits).

After hearing Plaintiff's testimony, vocational expert Thomas Moreland observed that if Plaintiff's testimony were credited, fatigue would be a very important issue in determining whether Plaintiff could

perform past work. (Tr. 385.) He testified that if Plaintiff’s testimony regarding fatigue were credited, he did not believe Plaintiff could perform work. Specifically, Mr. Moreland opined that, “[t]he need to take naps daily maybe in the p.m. or afternoon for three hours, indicating he had bad days where he has to take naps as needed, I think that would interfere with the ability to perform substantial gainful activity on a reasonably continuous basis based on [his testimony].” (Tr. 385.)

Crediting the Plaintiff’s testimony as true, the vocational expert’s testimony that Plaintiff’s level of fatigue and need for daily naps would preclude work is supported by substantial evidence; therefore, remand for calculation of benefits from April 15, 2004, (Tr. 61, 359) and award of benefits is appropriate. *Id.* Accordingly,

**IT IS ORDERED:**

1. Plaintiff’s Motion for Summary Judgment **(Ct. Rec. 10)** is **GRANTED**. This matter is remanded to the Commissioner for calculation and immediate award of benefits.

2. Defendant’s Motion for Summary Judgment **(Ct. Rec. 17)** is **DENIED;**

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED January 16, 2008.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE